IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DARLENE DAUGHERTY,** | ] |
| Plaintiff, | ] |
| v. | ] CV-10-BE-2092-E |
| **MAPCO EXPRESS, INC.,** | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This case is before the court on the "Defendant's Motion to Dismiss, or, Alternatively, Motion for Summary Judgment" (doc. 5). For the reasons set forth below, this motion is due to be DENIED without prejudice as premature.

Plaintiff filed her complaint based on allegations of Title VII employment discrimination. Specifically, Plaintiff alleges Defendant engaged in unlawful gender discrimination when it hired a male worker to fill the managerial position from which she had been terminated, when Plaintiff's supervisor led her to believe the position was being eliminated "to preserve money in order to partially fund the salary of a newly created position of Operations Director East." (Pl's Complt., Doc. 1, ¶ 16). Thus, Plaintiff believes "Defendant's asserted reason for terminating Plaintiff was false and pretextual." (*Id.* ¶ 22).

Defendant MAPCO filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that any discrimination claim Plaintiff may have was expressly waived and released by the terms of her severance agreement. (Doc. 5).

1

Defendant attaches a copy of the signed severance agreement to its motion. (Doc. 5, Ex. A). Defendant recognizes this court's discretion to convert a motion to dismiss into a motion for summary judgment should it decide to consider matters submitted outside the pleadings. *See Jones v. Auto Ins. Co.*, 917 F.2d 1528, 1531 (11th Cir. 1990). In the alternative, therefore, Defendant's motion requests summary judgment under Fed. R. Civ. P. 56, arguing that no genuine issue of material fact exists and it is entitled to judgment as a matter of law.

In response, Plaintiff first raises fraud in the inducement, arguing that the waiver and release were not knowingly and voluntarily executed. (Pl's Opposition Brief, Doc. 11, at 6-8). Alternatively, Plaintiff argues that even under the terms of the severance agreement, her discrimination claim did not "arise" until after she executed the agreement, and, therefore, is expressly exempted from the waiver provision. (*Id.* at 9-15).

Plaintiff's arguments, involving allegations of fraud and a *bona fide* contractual dispute, are fact-intensive by nature,[1] and therefore, the court finds that Defendant's arguments for dismissal are not ripe for review at this stage of the proceedings. In accordance with the Federal Rules of Civil Procedure, the Eleventh Circuit mandates that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988). Where there has not yet been *any* discovery, let alone an "adequate opportunity for discovery," summary judgment simply is not appropriate or warranted. *See Corbett v. Renegade Termite & Pest Control, Inc.*, 2010 WL 3447539 at *2 (M.D. Fla. Aug. 30, 2010).

---

[1] "The federal requirement of a knowing and voluntary release requires a detailed look at the circumstances surrounding execution of the release in addition to, rather than as a replacement for, ordinary contract considerations." *Myricks v. Fed. Reserve Bank of Atlanta*, 2006 WL 5668813, *7 (N.D. Ala. Feb. 6, 2006) (internal quotations and citation omitted), *aff'd*, 480 F.3d 1036 (11th Cir. 2007).

Accordingly, the court finds that Defendants' motion to dismiss and alternative motion for summary judgment is premature and is due to be denied without prejudice. After the parties have had an adequate opportunity to engage in discovery, Defendants may reassert the arguments contained in their motion for summary judgment if the evidence supports them.

A separate order to this effect will be entered contemporaneously.

DONE and ORDERED this 8th day of March, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE